**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, FIRST STATE INSURANCE COMPANY, NEW ENGLAND INSURANCE COMPANY, and TWIN CITY FIRE INSURANCE COMPANY, | ) ) ) ) ) ) Civil Action No.: |
| Plaintiffs, | ) ) |
| v. | ) **REDACTED** ) ) |
| FISHER CONTROLS INTERNATIONAL LLC, EMERSON ELECTRIC COMPANY, and MONSANTO COMPANY, | ) ) ) ) |
| Defendants. | ) ) ) |

**COMPLAINT**

Plaintiffs Hartford Accident and Indemnity Company, First State Insurance Company, New England Insurance Company, and Twin City Fire Insurance Company (together, "Hartford") file this Complaint against Defendants Fisher Controls International LLC ("Fisher"), Emerson Electric Company ("Emerson") and Monsanto Company ("Monsanto") (collectively, "Defendants") and allege as follows:

**NATURE OF ACTION**

1.      This is a civil action for breach of contract, anticipatory breach, and declaratory relief pursuant to 28 U.S.C. §§ 2201–2202 and Federal Rule of Civil Procedure 57.

2.     Hartford seeks to enforce the parties' rights and obligations to each other under Amendment No. 1 to the Confidential Settlement and Release Agreement ("Amendment No. 1"), a 2021 settlement agreement entered into by Hartford, Fisher, Emerson and Monsanto.

3.     Amendment No. 1, subject to its terms and conditions, resolved Fisher's rights to, and Hartford's obligations for, Defense Costs and Indemnity Costs incurred in Fisher Claims against Fisher Defendants under certain insurance policies issued by Hartford, defined as the "Subject Policies" in Amendment No. 1.[1] ███████████████████

███████████████████████

███████████████████████

███████████████████████

███████████████████████████

██████████████████

4.     In consideration for Hartford's agreement to pay per ████████ Amendment No. 1 imposed certain obligations on the Fisher Parties, including Fisher and Emerson. ████████████████████

███████████████████████

███████████████████████

███████████████████████

███████████████████████

███████████████████████

███████████████████████

███████████████████████

---

[1]     All capitalized terms not otherwise defined herein have the meaning as defined in Amendment No. 1.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████

5.      In February 2025, Hartford and Monsanto entered into a settlement agreement (the "2025 Agreement").  Though its consent was not required, Monsanto, before entering the 2025 Agreement, advised Fisher of its intention to enter that agreement and certain of its material terms.  On information and belief, Fisher asked no questions and stated no objection.  ████████

████████████████████████████████████████████████

███████████████████████████████████

6.      Since Hartford and Monsanto entered the 2025 Agreement, Fisher and Emerson have breached Amendment No. 1 by failing to provide information they are contractually obligated to provide, and manifesting their intent to repudiate Amendment No. 1 in hopes of voiding the agreement that Fisher, Emerson, and Hartford have performed under for nearly five years, ████████████████████████████████████████████████████

███████████████████████████████████████████  On information and belief, Fisher's reason for seeking to void Amendment No. 1 is that Fisher now, nearly five years after entering it on advice of counsel, wishes it had negotiated different terms.   Hartford believes Amendment No. 1 is enforceable and binding.  There is an actual controversy between Hartford and the Defendants within the meaning of 28 U.S.C. § 2201, including whether Fisher can repudiate the settlement agreement they entered nearly five years ago.

7.      Hartford seeks specific performance from Fisher and Emerson to comply with

3

their obligations under Amendment No. 1.

8.      Hartford also seeks a declaration of its and the Defendants' rights and obligations with respect to Amendment No. 1.

## **PARTIES**

9.      Plaintiff Hartford Accident and Indemnity Company is a Connecticut corporation with its principal place of business in Connecticut.

10.     Plaintiff First State Insurance Company is a Connecticut corporation with its principal place of business in Connecticut.

11.     Plaintiff New England Insurance Company is a Connecticut corporation with its principal place of business in Connecticut.

12.     Plaintiff Twin City Fire Insurance Company is an Indiana corporation with its principal place of business in Connecticut.

13.     Defendant Fisher Controls International LLC is a Delaware limited liability company with its principal place of business in Iowa.  Fisher's sole member is EMPCO Holdings, Inc. ("EMPCO").  EMPCO is a Delaware corporation with its principal place of business in Iowa.  Defendant Fisher Controls International LLC can be served via its registered agent, CSC-Lawyers Incorporating Service Company. at 221 Bolivar Street, Jefferson City, Missouri 65101.

14.     Defendant Emerson Electric Company is a Missouri company with its principal place of business in Missouri.  Defendant Emerson Electric Company can be served via its registered agent, Michael Tang, at 8027 Forsyth Boulevard, Saint Louis, Missouri 63105-1706.

4

15.     Defendant Monsanto Company is a Delaware company with its principal place of business in Missouri.  Defendant Monsanto Company can be served via its registered agent, St. Louis County Registered Agents Corp., at 12213 Big Bend Road, Saint Louis, Missouri 63122.

## JURISDICTION

16.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

17.     This Court has personal jurisdiction over Emerson in Missouri because it was formed under Missouri law and therefore resides in Missouri.

18.     The Court has personal jurisdiction over Monsanto in Missouri because its principal place of business is in Missouri and therefore resides in Missouri.

19.     This Court has personal jurisdiction over Fisher in Missouri because Fisher has availed itself of the jurisdiction of Missouri in the following ways:  (i) Fisher is a subsidiary of Emerson, which was formed and has its principal place of business in Missouri, (ii) upon information and belief, an associate general counsel for Emerson signed Amendment No. 1 on Fisher's behalf in 2021, (iii) at the time of the negotiation and execution of Amendment No. 1, Fisher's principle place of business was in St. Louis, Missouri, and (iv) upon information and belief, at least some of the Fisher Claims that are the subject of Amendment No. 1 arise out of the conduct of Fisher in Missouri.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in Missouri and because all defendants are subject to this Court's personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

### I.    Fisher's Corporate History

21.    Pursuant to a Plan and Agreement of Merger dated as of April 3, 1969, Fisher Governor Company merged with and into the entity now known as Pharmacia LLC (formerly known as Pharmacia Company, which on or about November 30, 2012, was converted to a limited liability company named Pharmacia LLC), which was incorporated as Monsanto Company in Delaware in 1933 ("Old Monsanto").

22.    Old Monsanto was the surviving company of the April 3, 1969 merger.

23.    On or about March 21, 1969, Old Monsanto organized a corporation by the name of Fisher Controls Company, Inc., to which Old Monsanto transferred substantially all assets and property of Fisher Governor Company.

24.    On or about January 29, 1982, Fisher Controls Company, Inc., merged into Fisher Controls International Inc. (formerly known as Fisher Controls Corporation of Delaware and formerly known as Fisher Controls Corporation).

25.    Pursuant to the Acquisition Agreement between Emerson and Old Monsanto dated September 11, 1992, relating to the purchase and sale of Fisher Controls International, Inc., and related businesses, Emerson purchased the stock and certain assets and liabilities of Fisher Controls International, Inc.

26.    On or about August 15, 2002, Fisher Controls International, Inc., was converted to Fisher Controls International LLC.

### II.    The 2013 Agreement

27.    Hartford issued, or was alleged to have issued or assumed responsibility for, the Subject Policies to Old Monsanto.

6

28.     In 1997, Old Monsanto transferred its chemical business to Solutia Inc., a newly created corporation.

29.     Beginning in 2000, through a series of corporate transactions, Old Monsanto changed its name to Pharmacia Corporation and transferred its agricultural business into a newly created company called Monsanto AG Company, which later became Monsanto.

30.     On or about November 30, 2012, Pharmacia Corporation was converted to Pharmacia LLC.

31.     By 2013, Monsanto claimed to have certain rights under the Subject Policies for product and premises liabilities arising out of Old Monsanto's chemical business and thus sought reimbursement for past and future defense and indemnity from Hartford.

32.     Monsanto and Hartford disagreed about whether and to what extent the Subject Policies provided coverage for certain product and premises liabilities.

33.     On May 31, 2013, Monsanto and Hartford entered into the Confidential Settlement and Release Agreement ("2013 Agreement") to resolve this dispute.

34.     ████████████████████████████████████
████████████████████████████████
████████████████████████████

35.     ████████████████████████████
████████████████████████████████
██████████████████

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████



36.

### III.    Amendment No. 1

37.     Since at least 2020, Fisher and Emerson have sought coverage from Hartford under the Subject Policies for premises liability claims and products liability claims against Fisher Defendants, including claims arising from exposure to mixed chemicals or asbestos-containing products (the Fisher Claims).

38.     Fisher, Emerson and Hartford disagreed about whether and to what extent the Subject Policies provided coverage for Fisher Claims.

39.     Desiring to resolve, compromise, and settle all controversies relating to Fisher Claims in connection with the Subject Policies, Fisher, Emerson, Hartford and Monsanto entered Amendment No. 1.

40.     Amendment No. 1 builds on top of the 2013 Agreement and governs Hartford's, Fisher's, Emerson's and Monsanto's rights and obligations with respect to Fisher Claims under the Subject Policies.

41.



42.

43.



44.

45.

46.



47. ███████████████████████████████████████████

48. ███████████████████████████████████████████

11

███████████████████████████████

██████████████████

49.     ███████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████

████

50.     ██████████████████████████████

██████████████████████████████████████

51.     ███████████████████████████████████████████

█████████████████████████████████



██████████████████

52.     ██████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

██████████████████

**IV.    The Exhaustion of Certain Subject Policies and Fisher's Breach**

53.    After the effective date of Amendment No. 1, Fisher Claims and Monsanto Claims were submitted to Hartford and, pursuant to the terms of the 2013 Agreement as amended by Amendment No. 1, the payment of both Fisher Claims and Monsanto Claims did erode the limits of liability of certain Subject Policies.

54.    Disputes arose between Hartford and Monsanto regarding obligations under the 2013 Agreement for payment of Defense Costs and Indemnity Costs for Monsanto Claims.

55.    On February 6, 2025, to resolve these disputes, Hartford, on the one hand, and Monsanto and its parent Bayer Corporation, on the other, entered into the 2025 Agreement.

56.

57.

58.

13

59. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮ Nevertheless, Fisher was advised by Monsanto, at least by November 22, 2024, that Monsanto and Hartford had reached an agreement in principle to fully and finally resolve their disputes under the 2013 Agreement.

60. Fisher was also advised by Monsanto, at least by November 22, 2024, of certain material terms of Monsanto and Hartford's agreement-in-principle.

61. Fisher was thus afforded an opportunity, at least by November 22, 2024, to discuss Hartford and Monsanto's agreement with Monsanto, Hartford, or both.

62. Upon information and belief, Fisher never sought to discuss with Monsanto its forthcoming settlement agreement with Hartford.

63. Fisher never reached out to Hartford to discuss its forthcoming settlement agreement with Monsanto.

64. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

65. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

66. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████████████████

████████████████

67.   ███████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████



68.   ███████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████

69.   Subsequent to Hartford's notice of the 2025 Agreement, Fisher and Emerson have failed to meet their obligations under ████████ of Amendment No. 1 ███████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

███████████████

70.   Subsequent to Hartford's notice of the 2025 Agreement, ███████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████



71.    Upon information and belief, Fisher and Emerson have failed to meet their

obligations under ████████ of Amendment No. 1 ████████████████████

█████████████████████████████████████████████████████████████████

███████

72.    Upon information and belief, Fisher and Emerson, through their conduct, intend

to repudiate Amendment No. 1.

73.    On December 18, 2025, representatives of Hartford and Fisher held a meeting

regarding Hartford's assertion of exhaustion of certain Subject Policies.

74.    Fisher asserted at the meeting that Hartford had impaired Fisher's contractual

rights under Amendment No. 1 and under the Subject Policies by entering into the 2025

Agreement.

75.    ███████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████

76.    ███████████████████████████████████

█████████████████████████████████████████

77.    Upon information and belief, Fisher and Emerson continue to allege that

Hartford's entry of the 2025 Agreement with Monsanto is a breach of Amendment No. 1 and that

such alleged breach entitles Fisher and Emerson to rescind Amendment No. 1.

78.    Hartford disputes both claims.

79.    Hartford's entry into the 2025 Agreement is not a breach of Amendment No. 1,

16

and Hartford is not otherwise in breach of Amendment No. 1.  Hartford has satisfied its obligations to Fisher and Emerson under Amendment No. 1.

80.     The parties in breach of Amendment No. 1 are Fisher and Emerson, which have failed to perform under Amendment No. 1 as contractually obligated.

81.     Fisher's and Emerson's remedy for breach under Amendment No. 1 would, if anything, be a claim for damages, not rescission.

82.     Specific performance is necessary because Fisher and Emerson have breached Amendment No. 1 and have, through their conduct, shown an intent to repudiate it.

83.     Hartford further seeks a declaration of Hartford and Defendants' respective rights and obligations under Amendment No. 1.

**CLAIM FOR RELIEF**
**COUNT I: BREACH OF CONTRACT**
**(Against Fisher and Emerson)**

84.     Hartford reasserts and incorporates Paragraphs 1 through 83 as if fully set forth herein.

85.     Amendment No. 1, which has been in effect since 2021, constitutes a valid and enforceable contract between Hartford, Fisher, Emerson and Monsanto.

86.     Amendment No. 1 replaced Hartford's obligations for Fisher Claims under the Subject Policies.

87.     Amendment No. 1 obligated Fisher and Emerson to ████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████

88.     Subsequent to notice of the 2025 Agreement, Fisher and Emerson failed to

17



89.     Amendment No. 1 also obligated Fisher and Emerson to ▮▮▮▮▮

90.     Upon information and belief, Fisher and Emerson have failed to ▮▮▮▮

91.     ▮▮▮▮▮▮

92.     ▮▮▮▮▮▮

93.     Upon information and belief, Fisher continues to demand reimbursement of Defense and Indemnity Costs for Fisher Claims under exhausted Subject Policies.

94.     Fisher and Emerson also demand reimbursement of Defense Costs and Indemnity Costs for Fisher Claims under unexhausted Subject Policies without a showing of the exhaustion of underlying limits.

95.     Fisher's and Emerson's failures to abide by their obligations under Amendment No. 1 have caused harm to Hartford.

96.     Hartford is entitled to specific performance of Amendment No. 1.

**COUNT II: ANTICIPATORY REPUDIATION**
**(Against Fisher and Emerson)**

97.    Hartford reasserts and incorporates Paragraphs 1 through 96 as if fully set forth herein.

98.    Amendment No. 1, which has been in effect since 2021, constitutes a valid and enforceable contract between Hartford, Fisher, Emerson and Monsanto.

99.    Fisher and Emerson have manifested an intention not to perform their obligations under Amendment No. 1 by, among other things, ████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████

100.    Fisher and Emerson have further manifested an intention not to perform their obligations under Amendment No. 1 by attempting to seek coverage under the Subject Policies in contradiction to their rights in the Subject Policies under Amendment No. 1.

101.    As a result of Fisher and Emerson's anticipatory repudiation of Amendment No. 1, Hartford has suffered and will continue to suffer damages.

102.    Hartford is entitled to specific performance of Amendment No. 1.

**COUNT III: DECLARATORY RELIEF**
**(Against Fisher, Emerson and Monsanto)**

103.    Hartford reasserts and incorporates Paragraphs 1 through 102 as if fully set forth herein.

104.    In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Hartford and Defendants.

19

105.    Hartford seeks a declaration of its rights and obligations to Defendants with respect to Amendment No. 1, including that (i) Amendment No. 1 remains in full force and effect with respect to Fisher Claims, (ii) Hartford owes no obligation to pay additional defense and indemnity costs for Fisher Claims under exhausted Subject Policies; and (iii) that Hartford's obligation, if any, to reimburse ▮▮▮▮▮▮ of Defense Costs and Indemnity Costs for Fisher Claims under unexhausted Subject Policies is subject to the provisions of Amendment No. 1.

## PRAYER FOR RELIEF

WHEREFORE, Hartford respectfully requests that the Court enter judgment in Hartford's favor:

A.    Declaring that Amendment No. 1 is valid and enforceable, and Fisher has no grounds to repudiate it;

B.    Directing Fisher and Emerson to perform their obligations under Amendment No. 1;

C.    Declaring the limits of liability for certain Subject Policies to be exhausted by payment of Fisher Claims and Monsanto Claims pursuant to Amendment No. 1;

D.    Declaring Hartford has no obligation to Fisher and Emerson under the Subject Policies other than as provided in Amendment No. 1;

E.    Granting Hartford any further appropriate relief as the Court determines to be warranted.

Dated:   July 10, 2026

OF COUNSEL:

James P. Ruggeri (#431034 DC)
(*pro hac vice* application forthcoming)
Annette P. Rolain (#1047868 DC)
(*pro hac vice* application forthcoming)

Respectfully submitted,

*/s/ W. James Foland*

W. James Foland (#25022 MO)
WATTERS WOLF BUB HANSMANN LLC
4435 Main St, Suite 920
Kansas City, Missouri 64111

20

RUGGERI PARKS WEINBERG LLP
1875 K Street NW, Suite 800
Washington, DC 20006
(202) 984-1400
jruggeri@ruggerilaw.com
arolain@ruggerilaw.com

(816) 260-5647
jfoland@wwbhlaw.com

*Counsel for Plaintiffs Hartford Accident and
Indemnity Company, First State Insurance
Company, New England Insurance Company,
and Twin City Fire Insurance Company*